Esperanza Nieves Rivera, Petitioner, v. Industrial Commission of Puerto Rico, Etc., Defendant; Manager of the State Insurance Fund, Insurer.

No. 211. Argued May 19, 1941.—Decided June 17, 1941.

Edelmiro Soldevila for petitioner. Víctor J. Vidal González for respondent.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Esperanza Nieves Rivera requested the Industrial Commission of Puerto Rico to reconsider an order which it had rendered on January 31, 1940, and, after hearing the interested parties, to vacate said order.

She based her petition on the following facts and considerations: On April 26, 1939, she suffered an accident while she carried out the duties of her employment under

Miguel Barceló, and as a consequence thereof she became incapacitated in 25 per cent of the physiological functions of her right leg, above the knee, as appears from an order of the Industrial Commission.

When the Manager of the Fund calculated the compensation to be awarded, he sought to do it taking as a basis daily wages of 49 cents instead of $1.00, which were her wages the day of the accident, and the petitioner sent him a letter stating the fact and alleging that according to the Federal Wages and Hours Act, her wages were 25 cents per hour and that the compensation should have been calculated according to such an earning rate.

The insurer did not accede, the petitioner appealed to the Commission and "the latter refused even to hear the petitioner," dismissing her petition based on an affirmation contained in another pleading. She requested a reconsideration and it was denied. She then appealed to this Court, and once the writ was issued she filed her brief on March 17, 1941. The hearing was held on May 19, 1941.

The question in issue is whether the commission could have flatly decided, as it did, the appeal taken.

From the record that we have before us it appears that in the notice of appeal from the order of the Manager fixing her incapacity at 10 per cent, presented to the Commission by Esperanza Nieves, she stated that she was earning 49 cents a day. The commission decided the case fixing the degree of incapacity at 25 per cent. The case went back to the Fund and when the compensation was fixed, a new discrepancy arose. She resorted once more to the Commission and the latter rendered an order whose review is sought, which reads as follows:

"On May 27, 1940, the injured employee, Esperanza Nieves Rivera, through her attorney E. Soldevila, filed in the record a motion for review, for the reason that the Manager of the State Insurance Fund calculated the compensation to which she is entitled on the

basis of a daily wage of 49 cents instead of $1.00 a day, which was the wage that she was actually receiving the day of the accident.

"The notice of appeal filed by said injured employee in the Industrial Commission on August 29, 1939, has been examined, and it appears that under her mark, made before a witness, she affirmed 'that the salary that she earned while working for Miguel Barceló Romaguera was forty-nine cents (49 cents) a day.' For these reasons we deny the petition for review filed by the injured employee."

Could the commission act in that manner or should it have given the petitioner an opportunity to prove her case?

The law on the matter—Act No. 45 of 1935, page 250—provides in its Section 10, page 288, that if the manager and the insured worker or employee do not agree as to the compensation, as happened in this case, any of the parties may notify the commission, which will set the case to be heard before the commission or a commissioner.

Nothing is provided as to how the hearing is to be held, but as this is a body of quasi-judicial functions—Section 6 of the Act, page 280—it seems proper to follow, as much as possible, the rules applied by courts of law in similar proceedings.

There may be a case so simple that a hearing is unnecessary, but here, although it is true that the petitioner in her first pleading addressed to the commission with a different purpose, stated among other data that she earned a salary of 49 cents per day, it is also true that this point was, at least, disputed by the petitioner herself when she later affirmed that her salary was a dollar per day, alleging also, as a question of law, that the wages that should serve as basis for the calculation of the compensation should be those, even higher, fixed by the Wages and Hours Law.

Under these circumstances we do not believe that the commission was authorized to decide this case, accepting as the only certain basis that stated in the first pleading, without giving the petitioner an opportunity to show that the

information was erroneous. This, besides the fact that the commission absolutely failed to consider and decide, or at least to decide, the question of law raised.

The petitioner was not accorded, before the commission, a due process of law. See *Santos* v. *Industrial Commission,* 58 P.R.R. 312.

For the foregoing reasons the appeal must be granted, the order of the commission of May 31, 1940, annulled, and the case returned for further proceedings and decision according to the facts and the law.